|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| ANTONIO VÉLEZ DÍAZ, et al., | |
| Plaintiffs, | Civil No. 03-2068 (JAF) |
| v. | |
| AMADO VEGA IRIZARRY, et al., | |
| Defendants. | |

**O R D E R**

Defendant United States moves to dismiss, arguing that Plaintiffs' only remaining claims are under the Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680 (2002 & Supp. 2004)("FTCA"), and Plaintiffs failed to exhaust their administrative remedies before filing the present action. Docket Document No. 65. In response, Plaintiffs assert that they properly filed an FTCA claim on October 25, 2005, approximately one-hundred twenty days after the FBI denied their administrative claim, on April 19, 2005. Docket Document No. 68. As both parties acknowledge, Docket Document Nos. 68, 70, Plaintiff's October 25, 2005 FTCA claim was put forward in a new complaint, as a separate cause of action. Vélez-Díaz v. United States, Civil No. 05-2132 (JAF).

Plaintiffs' separate filing in 05-2132 tacitly acknowledges that any FTCA claims presented here are procedurally ill-fated, as the present action was initiated prior to the denial of Plaintiffs'

Civil No. 03-2068 (JAF)                                                        -2-

administrative claim. Likewise, Plaintiffs' argument against dismissal relies entirely on the fact that they filed their FTCA claim in <u>Vélez-Díaz v. United States</u>, 05-2132 (JAF), approximately six months after their administrative claim was denied. <u>Docket Document No. 68</u>. We can only interpret Plaintiffs' words and actions as admitting that any FTCA claims surviving in the present action are jurisdictionally barred by the FTCA's administrative remedy exhaustion requirements. <u>See</u> <u>Coto v. United States</u>, 993 F.2d 274, 280 (1st Cir. 1993) ("Exhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims.").

Because the present action was initiated before Plaintiffs filed for administrative relief, the only remaining claims to this action are FTCA claims, the FTCA requires exhaustion or administrative remedies, and finally, because Plaintiffs are pursuing their FTCA claims through a separate cause of action, Plaintiff's FTCA claims are **DISMISSED WITHOUT PREJUDICE.**

As the rest of Plaintiffs' claims have already been dismissed, this case is now closed. Judgment to be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of February, 2006.

                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge