1           UNITED STATES DISTRICT COURT
2              DISTRICT OF PUERTO RICO

3    ANTONIO VÉLEZ DÍAZ, et al.,

4        Plaintiffs,
                                        Civil No. 03-2068 (JAF)
5        v.

6    AMADO VEGA IRIZARRY, et al.,

7        Defendants.


8                          **O R D E R**

9        On February 9, 2006, we dismissed Plaintiffs' FTCA claims in this

10   case without prejudice.  Docket Document No. 75.  Plaintiffs now move

11   for reconsideration, urging us to consolidate any surviving state law

12   claims in the present case with the FTCA claims made, on the basis of

13   the same factual allegations, in a separate case, 05-2132 (JAF).  Docket

14   Document No. 77.

15       Plaintiffs' argument is premised on an error in the wording of our

16   December 5, 2005 order issuing partial judgment, which erroneously

17   stated, "the United States is substituted as the defendant for

18   plaintiffs' state law claims." Docket Document No. 61. There are no

19   surviving state law claims in this case, since under 28 U.S.C. §

20   2679(b)(1), the FTCA claims are exclusive of any state law remedy

21   (although state law principles are often applied in the course of

22   resolving an FTCA claim).  See Davric Me. Corp. v. U.S. Postal Serv.,

23   238 F.3d 58, 65 (1st Cir. 2001)(Westfall Act affords "federal employees

24   who allegedly commit a common law tort absolute immunity where they were

Civil No. 03-2068 (JAF)                                                    -2-

1    acting within the scope of employment . . . but allow[s] the suit to

2    proceed against the federal government"); Aversa v. United States, 99

3    F.3d 1200, 1207 (1st Cir. 1996)(Westfall Act rendered FTCA "the

4    exclusive remedy for money damages arising from the 'negligent or

5    wrongful act or omission' of a federal employee 'acting within the scope

6    of his office or employment.'")(quoting 28 U.S.C. § 2679(b)(1)).  The

7    exception to this rule, which is that it "does not extend or apply to

8    a civil action . . . brought for a violation of the Constitution of the

9    United States," 28 U.S.C. § 2679(b)(2), is inapplicable here because the

10   First Circuit has found that Plaintiffs did not allege a constitutional

11   violation.  Velez-Diaz v. Vega-Irizarry, 421 F.3d 71, 80-81 (1st Cir.

12   2005).  As we clarified in our order, "the state law claims against FBI

13   agents . . . are DISMISSED WITH PREJUDICE." Docket Document No. 61.

14        As the Bivens claims were dismissed due to qualified immunity,

15   Velez-Diaz v. Vega-Irizarry, 421 F.3d at 81, the only remaining claims

16   in the present case were under the FTCA.  For the reasons explained in

17   our February 9 order, the FTCA claims have been dismissed without

18   prejudice and there are no claims left, under the present cause of

19   action, to consolidate with Plaintiffs' claims in Civil No. 05-2132.

20        Plaintiffs' motion for reconsideration is **DENIED.**

21        **IT IS SO ORDERED.**

22        San Juan, Puerto Rico, this 13th day of March, 2006.

23
24                              S/José Antonio Fusté
25                              JOSE ANTONIO FUSTE
26                              Chief U.S. District Judge